UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELMER B. DOWNS     PLAINTIFF

v.     CIVIL ACTION NO. 3:05CV-437-S

JOHN POTTER, POSTMASTER GENERAL     DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, John Potter, Postmaster General ("Postal Service"), to dismiss this action on the ground that the claims are barred by the doctrine of *res judicata*.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

The plaintiff, Elmer B. Downs, was an employee of the United States Postal Service for thirty-three years. Downs claims that in January, 1999 he became aware of misconduct and mismanagement of the mails by his employer, the U.S. Postal Service. He alleges that he informed his union representative and that he asked his supervisor about these matters. After receiving what he believed to be unsatisfactory responses, he began a letter-writing campaign to bring the matters to the attention of Congress and various state and local officials. He claims that thereafter he was assigned to a less desirable shift and less desirable days off, was subjected to questioning by superiors and intimidating behavior by superiors, and was coerced into bidding for a job that he did not want. Complaint, ¶¶ 28-39. Downs contends in this action that the Postal Service violated his First Amendment right to freedom of speech and violated the Lloyd-LaFollette Act, 5 U.S.C. § 7211.

Downs filed a claim of discrimination with the EEOC alleging that he, an African-American male, was treated less favorably that Caucasian employees with respect to his job transfer rights. After receiving a right to sue letter, he filed an action in 2000 in this court alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. The complaint alleged, in pertinent part, that:

> Defendant, Postmaster General of the United States of America and as such, has ultimate responsibility for and control over employment practices of the Postal Service at Louisville, Kentucky, where the Plaintiff sought employment and where the unlawful employment practices were committed...
>
> On March 27, 1999, Plaintiff was given a one week change of schedule to remain on Tour 2 when Caucasian co-workers who had not filed prior complaints were given 30 day changes of schedule or indefinite Tour 2 stays...
>
> The actions of Defendant constituted a constructive discharge of Plaintiff, causing him to retire from his job...

Complaint, Civil Action No. 3:00CV-32-H, ¶¶ 6, 8, 9. Discovery was conducted, the matter went to trial, and a directed verdict was granted by Chief Judge John G. Heyburn in favor of the Postal Service at the close of Downs' proof. The United States Court of Appeals for the Sixth Circuit affirmed the judgment of the district court. No. 04-5120.

Under the doctrine of *res judicata*, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). In order for an earlier action to preclude litigation of claims in a later action, four elements must be present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999), *citing, Kane v. Magna Mixer Co*, 71 F.3d 555, 560 (6th Cir.), *cert. denied*, 517 U.S. 1220, 116 S.Ct. 1848, 134 L.Ed.2d 949 (1996); *See also, In re Teltronics Services, Inc.*, 762 F.2d 185, 190 (2d Cir. 1985). Clearly, there

was a final judgment on the merits in the trial before Judge Heyburn.  The parties to that action were the same parties now before the court.  The question is whether the issues in the present action were decided or should have been decided by Judge Heyburn.

*Res judicata* applies not only to what was plead in the prior action, but what could have been plead.  *See, In re Teltronics*, 762 F.2d at 193.  "The bar extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of facts.'" *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984), *citing, Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir.). *cert. denied*, 419 U.S. 1096, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).  *See also*, *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378, 60 S.Ct. 317, 320 (1940).

> In *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86 (2d Cir. 1997), the court held that
>
> > To ascertain whether two actions spring from the same "transaction" or "claim," we look to whether the underlying facts are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Restatement (Second) of Judgments* § 24(b)...

*Interoceanica Corp.*, 107 F.3d at 90-91.  *See also, Wilkins,* 183 F.3d at 532, n. 4 (separate actions on separate theories concerning one set of facts; "the exact situation which the doctrine" of *res judicata* "seeks to avoid").

In this instance, both actions involve core facts concerning the Postal Service's treatment of Downs in his employment.  Both actions relate to the period of time after January 1, 1999 until Downs' purported constructive discharge.  The Postal Service's decision to change Downs' shift is pivotal to Downs' claims in both actions.  The fact that the purported motivation for the Postal Service's actions is alleged to be racial discrimination in one action and impingement of free speech and the right to access to Congress in the other is of no moment.  "New legal theories do not amount to a new cause of action so as to defeat the application of the principle of *res judicata*.  *In re Teltronics*, 762 F.2d at 193, *citing Chicot, supra*., and other cases.

> [A] plaintiff cannot avoid the effects of *res judicata* by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit). *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992)("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to form her complaint."); 1B Moore's Federal Practice ¶ 0.410[2].

*Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110 (2d Cir. 2000). *See also*, *Wilkins*, *supra*. at 535.

The fact that Downs has expanded upon his alleged mistreatment in the present lawsuit, describing intimidating or demeaning conduct in addition to his change of shift does not alter the *res judicata* analysis. The facts need not be identical in each case. Rather, facts essential to the second suit must have been already present in the first. *See, Cameron v. Church*, 253 F.Supp.2d 611 (S.D.N.Y. 2003), *citing, Waldman, supra.*; *Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003). The operative nucleus of facts concerning the Postal Service's alleged wrongful conduct is the same in each action. Therefore, claims of interference with freedom of speech and access to Congress should have been brought in the first action. As a result, these claims are now barred from subsequent litigation.

The United States District Court for the Southern District of New York found found that claims were barred by *res judicata* under similar facts. In *Cameron v. Church, supra.*, the court found that claims of race discrimination in a second action were barred, as they were based upon the same facts claimed in an earlier action alleging retaliation for exercise of First Amendment rights. The court stated, finding overlap in the "core elements of the conduct and actions complained of," that "[t]he addition in *Cameron II*, of allegations concerning the respective races of the parties may go to supplying a different view of the motivation for the actions complained of, but it does not remove the actions from the ambit of the transactions complained of in *Cameron I*, and thus from the universe of claims that were concluded on their merits in that action." *Cameron*, 253 F.Supp.2d at 621-22.

<- 4 -

For the reasons set forth herein, the court concludes that the claims raised in this action are barred by the doctrine of *res judicata*. The action must therefore be dismissed. A separate order will be entered this date in accordance with this opinion.